IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER EGLI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEORGE STRIMEL, et al. | : | NO. 14-6204 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                 November 20, 2015

Defendants George Strimel and Radnor Studio 21 ("RS21") have objected to certain interrogatories and requests for production of documents propounded by Plaintiff in this First Amendment case.[1]  Plaintiff is a writer, filmmaker, and resident of Devon, Pennsylvania.  RS21 is a local public access cable television station and George Strimel is RS21's General Manager.  Plaintiff's First Amendment claim is based on Strimel and RS21 allegedly blocking films Plaintiff created from airing on RS21.  See Docs. 1 at 3; 18 at 5.

---

[1] Construing the allegations in Plaintiff's Complaint broadly, the Honorable L. Felipe Restrepo, to whom the case is assigned, determined that Plaintiff brought claims alleging violation of his First Amendment rights, breach of contract, various intentional torts under Pennsylvania law, and alleged that Defendants Strimel and RS21 violated his rights under the Cable Communications Policy Act of 1984 ("Cable Act").  See Doc. 18. By Memorandum and Order dated August 28, 2015, Judge Restrepo dismissed Verizon and Radnor Township from the action and all claims against Strimel and RS21 except for the First Amendment claim.  Id.  By Order dated November 10, 2015, Judge Restrepo referred the outstanding discovery disputes to the undersigned.  See Doc. 33.

Among other documents sought in his Request for Production of Documents, Plaintiff asked Strimel and RS21 to produce financial information regarding RS21 in Requests numbered 8, 9, 11, and 12.[2]  Plaintiff also seeks tax and financial information in

---

[2]The Requests are as follows:
    8.    Please produce the IRS, Pennsylvania, and any other tax filing submitted by RS21 for the years 2012, 2013, and 2014.  Please indicate the name, title, and contact information of the person who is responsible for handling RS21's tax accounts.
    9.    Please produce the names of all banks or financial institutions that RS21 has accounts with or uses to facilitate financial activity of any kind.  Please indicate the name, title, and contact information of the person responsible for handling RS21's accounts.
    11.    The Franchise agreement between Radnor [T]ownship and Verizon Corporation contains this passage:

> The Township agrees that twenty percent (20%) of the grants provided for in this Section 6.2 will be used by the Township to further the purposes of the Government Access Channel(s) and that eighty percent (80%) of such grants will be paid to [RS21] (or any successor certified public access channel operator) to further the purposes of public access.  **The Township shall provide Franchisee with a complete accounting annually of the distribution of funds granted pursuant to this Section 6.2.**

Please produce the document described in the highlighted part of this portion of the Franchise agreement for the years 2012, 2013, and 2014.
    12.    Please produce all documents relating to George Strimel's salary at RS21, and all documents that are in any way related to other forms of compensation for his employment at RS21, during 2012, 2013, and 2014.

Plaintiff Christophber Egli's Request for Production of Documents Directed to George Strimel and RS21 (attached to Doc. 29 at 4-5).

Interrogatories 14, 15, 17, and 18.³  The parties dispute the relevance of the requested information.

The current version of Federal Rule of Civil Procedure 26 states that "[p]arties may obtain discovery regarding any nonprivilged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." F. R. Civ. P. 26(b)(1).⁴

Defendants argue that the tax filings and financial records are irrelevant to Plaintiff's First Amendment claim.  See Doc. 29 at 1.  Plaintiff counters that the tax filings and financial records are relevant because defense counsel stated at a pretrial

---

³The Interrogatories at issue are as follows:
> 14. Are you aware of any IRS rules regarding non-profit entities?  If yes, what rules are applicable?
> 15. Identify all facts, witnesses and documents related to following IRS rules at RS 21.
> 17. In several previous years, RS21 held a local fund-gathering event.  How much money was raised at these events, for each year starting with 2011 through 2014, and what was the money raised spent on, each of those years?
> 18. Please identify all facts, witnesses and documents related to the disbursement of money raised at fund-raising events for RS21 to RS21 itself, from 2011 to 2014.

Plaintiff Christopher Egli's Interrogatories Directed to George Strimel and RS21 (attached to Doc. 29 at 9).

⁴The proposed amendment to Rule 26(b)(1) incorporates a proportionality requirement and eliminates the "reasonably calculated to lead to the discovery of admissible evidence" language.  My conclusion would be the same under the proposed amendment.

conference with Judge Restrepo that RS21 has not aired his films due to budgetary constraints.  See Doc. 34 at 1.

Although I was not present at the conference to which Plaintiff refers, the pleadings in the case do not raise any financial defense.  In the Answer, Defendants state that they have aired two of Plaintiff's films and explain that

> [c]ontent submitted by plaintiff for review is objectively considered utilizing the same standards for all content by other producers.  Plaintiff has not fulfilled all of the requirements met by other producers who have had content aired on RS21.

Doc. 20 ¶ 8; see also Tenth Affirmative Defense.  Because neither Plaintiff's First Amendment claim nor the defense raised by Strimel and RS21 put Defendant's financial information in issue, I conclude that inquiry into these areas is irrelevant.[5]  Defendants' objections to Interrogatories 14, 15, 17, and 18, and Requests for Production 8, 9, 11, and 12 are sustained.[6]  If Defendants put RS21's financial condition in issue, this issue may be revisited.

---

[5] On November 16, 2015, I conducted a settlement conference, following which I held a brief discovery conference to ensure I had received all of the necessary position papers.  At that time the parties anticipated that similar objections to questions regarding financial information would arise during Plaintiff's depositions of certain RS21 employees.  For the reasons explained in this memorandum, the financial condition and records of RS21 are irrelevant to the claim that survived the motion to dismiss.  Thus, any objection to Mr. Egli's questions regarding financial information relating to RS21 at those depositions is sustained unless the deponent claims financial reasons as a basis for consideration of whether to air Plaintiff's films.

[6] Defendants argue that Request for Production 11 is irrelevant because it implicates Plaintiff's claim under the Cable Act, which was dismissed by Judge Restrepo. See Doc. 29 at 1.  However, I conclude that the information sought, dealing with the distribution of funds provided for by the Franchise Agreement, is more appropriately

Defendants also argue that certain Interrogatories relating to the Cable Act and Franchise Agreement are irrelevant because Judge Restrepo has dismissed that part of the case.  See Doc. 29 at 1.[7]  Plaintiff misconstrues Judge Restrepo's ruling on the motion to dismiss, by arguing that his First Amendment claim is based on the Cable Act and Franchise Agreement, and that Judge Restrepo merely dismissed the claims based on the Cable Act and Franchise Agreement with respect to the claims of fraud, breach of contract, and other state claims.  See Doc. 34 at 2.

Although both Plaintiff's First Amendment claim and his Cable Act claim are based on the failure of RS21 and Strimel to air Plaintiff's films, Judge Restrepo clearly dismissed all claims based on the Cable Act, finding that neither Strimel nor RS21 were "cable operators" for purposes of the Cable Act.  What remains is Plaintiff's claim that Defendants Strimel and RS21 violated his First Amendment rights by blocking his films

---

considered an inquiry into the finances of RS21.  Because I have determined that the finances of the station are not in controversy, inquiry into the finances provided for by the Franchise Agreement is not relevant.

[7]The Interrogatories at issue are:
> 11.   Until some time in 2013 or 2014, there was a Franchise agreement between Radnor [T]ownship and Verizon Corporation, but the current Franchise agreement is between Radnor [T]ownship and Comcast.  Why was this change made?
> 12.   Identify all facts, witnesses and documents related to the decision to change the Franchise agreement from Verizon to Comcast.
> 13.   Is RS21 obligated under the law to obey the terms and conditions set forth in the Franchise agreement; both under the current agreement between Radnor [T]ownship and Comcase, and the previous agreement between Radnor [T]ownship and Verizon?

from being aired on RS21.  See Doc. 18 at 5.[8]  This claim is independent of the Cable Act claim and does not rely on any provisions of the Cable Act or the responsibilities or prohibitions contained therein.  Thus, the information Plaintiff seeks in these interrogatories -- relating to the Franchise Agreement and relationship between the parties to the Franchise Agreement -- is irrelevant.  I will sustain Defendants' objection to Interrogatories 11, 12, and 13.

     An appropriate Order follows.

---

[8] In addressing the Motion to Dismiss, Judge Restrepo specifically found that at the current stage the Court could not "definitively conclude that Strimel and RS21 were not 'state actors'" for purposes of section 1983.  Doc. 18 at 6.  He will reconsider the issue in light of the evidence if Defendants raise it by summary judgment motion.  Id.