IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER EGLI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEORGE STRIMEL, et al. | : | NO.  14-6204 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                           November 20, 2015

Radnor Township ("Radnor") has filed a motion to quash Plaintiff's deposition subpoena for William White, a township employee,[1] arguing that Plaintiff conducted a fruitless deposition of James Doling, another township employee on November 5, 2015, causing the township to incur unnecessary costs and expenses.[2]  Radnor contends that Plaintiff has had no contact with the solicitor to identify the correct individual to answer his questions.  Radnor also seeks sanctions for the costs associated with the deposition of Mr. Doling, and, if the subpoena for Mr. White is not quashed, for the costs associated with Mr. White's deposition.  See Doc. 30.  Plaintiff has filed a response, arguing that he has made efforts to contact the solicitor to no avail; he obtained useful information during Mr. Doling's deposition; and has sought to minimize the costs to the township.  See Doc.

---

[1]Mr. White is identified by Plaintiff as the Finance Director of Radnor Township in his response to the motion.  See Doc. 30 at 2.  The subpoena, dated November 5, 2015, scheduled the deposition for November 12, 2015.  See Doc. 30 at 8.  Radnor filed the Motion to Quash on November 10, 2015.  With a court holiday the following day, the Honorable L. Felipe Restrepo, to whom the case is assigned, delayed the deposition to allow Plaintiff to respond to the Motion to Quash.  He also referred the matter to the undersigned for disposition.  See Doc. 33.

[2]Radnor was originally a defendant in the case, but was dismissed by Judge Restrepo.  See Doc. 19.

36. Defendants have also filed a reply to Plaintiff's opposition, including an excerpt of Mr. Doling's deposition to establish that he had no knowledge of the relationship between Radnor Station 21 ("RS21") and the township.  See Doc. 37.

Although Radnor seeks to quash the White subpoena based on Plaintiff's alleged failure to conduct any reasonable steps to avoid the need for the deposition – an allegation disputed by Plaintiff – I will quash the subpoena in part on the separate ground that Plaintiff has not identified any relevant information that can be obtained from Mr. White.  In defending the Motion to Quash, Plaintiff justifies Mr. White's deposition by arguing that Defendants have put the finances of the station in controversy by claiming that budgetary constraints resulted in the decision not to air Plaintiff's films and Plaintiff identifies Mr. White as "having authority over RS21 and its finances."  See Doc. 36 at 11, 3.  However, in deciding a dispute regarding interrogatories and production requests, I explained that the finances of RS21 have not been put into controversy and inquiry into those finances is, at this point, irrelevant.[3]  As explained in that Memorandum, none of the pleadings reveal a financially based decision.  If, as the case progresses, Defendants rely on finances as a basis for failing to air Plaintiff's films, the court will revisit this decision.

Further, Plaintiff should consider Judge Restrepo's ruling on the motion to dismiss so that he limits his areas of inquiry appropriately.  For example, Plaintiff also cites Mr.

---

[3] Plaintiff has a First Amendment claim against the public access cable television station and its general manager for the station's alleged failure to air his films.  In the briefing on the dispute regarding the interrogatories and production requests, Plaintiff alleged that RS21 had stated that financial constraints led to the station's failure to air his films.  Review of the pleadings did not reveal such a financial basis for RS21's decision.

White's knowledge of the Franchise Agreement creating RS21 as a basis to allow his deposition.  However, Judge Restrepo dismissed Plaintiff's claim for breach of the Franchise Agreement as well as his claims on the Cable Communications Policy Act.  These rulings will limit the potential relevance of certain lines of inquiry.  The primary topics at issue in the remaining First Amendment claim appear to be whether RS21 is a state actor and Defendants' reasons for not airing Plaintiff's films, and discovery should be focused on these issues.[4]

With respect to sanctions, I see no basis at this point to sanction Plaintiff for having taken Mr. Doling's deposition.  Although Plaintiff and defense counsel disagree about the usefulness of the deposition, I do not consider a 45-minute deposition of a township official an undue burden or expense.  See SAJ Distribs, Inc. v. Sandoz, Inc., Civ. No. 08-1866, 2008 WL 2668953, at *3 (D.N.J. June 27, 2008) (sanction in form of attorney fees awarded "only in the most egregious of circumstances").  However, as noted, Plaintiff should be cautious to limit his inquiries to relevant information and individuals who possess relevant information.  Likewise, rather than resorting to filing motions with the court, defense counsel or the solicitor could intervene and suggest alternative discovery options to Plaintiff that would be less burdensome to the township.

An appropriate order follows.

---

[4] In a supplemental submission, Plaintiff provided a passage from the Radnor Township Franchise Agreement that directs that the Township has complete control over the content of the public access channel.  Doc. 38.  To the extent the Franchise Agreement impacts whether RS21 is a state actor, it remains relevant for purposes of discovery.