IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER EGLI,**<br>           **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **GEORGE STRIMEL and RADNOR STUDIO 21,**<br>           **Defendants.** | **NO.  14-6204** |

### MEMORANDUM OPINION

This case arises out of Defendant Radnor Studio 21, Inc. ("RS21"), a non-profit organization operating as a public access television station in Radnor Township, Pennsylvania, and Defendant George Strimel, RS21's General Manager ("Strimel")'s refusal to air video content submitted by Plaintiff Christopher Egli.  Plaintiff alleges that Defendants' refusal violated his First Amendment right to free speech in violation of 42 U.S.C. § 1983.  Before the Court is Defendants' Motion for Summary Judgment.[1]

"[S]ummary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (citations and internal quotation marks omitted).  "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson*, 477 U.S. at 248-52).  A fact is material if it might affect the outcome of the suit under the governing law.  *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher*

---

[1] Although Defendant Strimel joins in the motion for summary judgment, he does not provide any arguments with respect to his own status as a state actor aside from a statement that he is "not an employee of Radnor Township."  Mot. at 16.  This statement does not provide the Court with sufficient grist to evaluate his motion for summary judgment and , accordingly, the motion must be denied with respect to him.

*Educ.*, 470 F.3d 535, 538 (3d Cir. 2006).  "The reviewing court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).

Defendants' sole argument in their motion for summary judgment is that they are not "state actors" for purposes of a Section 1983 claim.  Indeed, First Amendment protections are triggered only against defendants who act "under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A private party, acting on its own, can only be held to constitutional standards when its actions so approximate state action that they may be fairly attributable to the state.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).  Thus, as a threshold issue, Plaintiff must show that RS21 and Strimel are state actors.

The relevant framework for evaluating Plaintiff's claim is set forth in *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374 (1995).  Under *Lebron*, a private corporation created by the state is a state actor for purposes of a First Amendment claim brought under Section 1983 when: (1) the government created it; (2) to further governmental objectives; and, (3) the government "retains for itself permanent authority to appoint a majority of the directors of that corporation." *Id*. at 399; *see also Sprauve v. West Indian Co. Ltd.*, 799 F.3d 226, 229 (3d Cir. 2015) (concluding that *Lebron* "sets forth guideposts for deciding whether a corporate entity may be considered the government for purposes of constitutional claims.").

Plaintiff here has pointed to evidence that raises a genuine dispute of material fact for each of the *Lebron* factors.  With respect to the first factor, Plaintiff argues that RS21 was created as a result of the contractual relationship between the Township of Radnor and two cable companies.  In particular, Plaintiff points to (1) the Cable Franchise Agreement between Township of Radnor and Verizon Pennsylvania Inc. (the "Verizon Agreement"); and, (2) the

Cable Franchise Agreement between Township of Radnor and Comcast of Pennsylvania, LLC (the "Comcast Agreement").  Both the Verizon Agreement and the Comcast Agreement require that the cable companies "provide capacity" on their channel lineup for three "dedicated Channels for Public Access, Educational Access, and Government Access television (collectively 'PEG Channels')" for the Township's use.  JA 186, 405.  The Agreements further specify that the Township's "Public Access Channel" is RS21.  JA 187, 407.  Although these agreements do not explain the precise relationship between the Township and RS21, it is apparent that RS21 is funded, at least in part, via the Township's agreements with Verizon and Comcast.  *See Demarest v. Athol/Orange Cmty. Television, Inc.*, 188 F. Supp. 2d 82 (D. Mass. 2002) (finding that plaintiff satisfied first *Lebron* factor with respect to PEG channel because "[the cable company's] contribution to [the PEG] functions much like a tax or licensing fee."); *see also Denver Area Educ. Telecomms. Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 734 (1996) (PEG channels "are channels that, over the years, local governments have required cable systems operators to set aside . . . as part of the consideration an operator gives in return for permission to install cables under city streets and to use public rights-of-way.").

     Turning to the second *Lebron* factor, *i.e.*, furthering government objectives, the Verizon Agreement states that the purpose of the PEG channels is "to ensure universal availability of public, educational and government programming."  JA 186.  The Comcast Agreement similarly states that their purpose is "to contribute to an informed citizenry and show, among other things, local government at work, provide a forum for the discussion of local needs, and bring local education into the home."  JA 405.  *See also Demarest*, 188 F. Supp. 2d at 91.

     Finally, with respect to the third *Lebron* factor, the record is contradictory.  James Doling, who runs Radnor's Government Access Channel, Radnor TV, testified at his deposition

3

that Radnor Township officials do not exert oversight control over RS21.  JA 166.  In addition, in his Answers to Plaintiff's Interrogatories, Defendant Strimel stated that RS21 elects its own Board of Directors and that Radnor Township has "no oversight or control over RS21 or the contents of its broadcasts." JA 1-2.  On the other hand, the Comcast Agreement specifically states that the "Township *shall have complete control over the content, scheduling, and administration of the PEG Channels*," which includes RS21.  JA 407.  Although the Comcast Agreement does not set forth whether the Township of Radnor's "complete control" over RS21 includes the election of RS21's board members, Defendants have failed to address this provision of the Comcast Agreement or point to any evidence that explains how RS21's board members are appointed aside from the Defendant Strimel's self-serving statements and testimony by an individual who is not affiliated with RS21.  In light of these material factual discrepancies, and viewing all inferences in favor of the Plaintiff, the Court concludes that Plaintiff has pointed to a genuine issue of material fact concerning the third *Lebron* factor.  *See Demarest*, 188 F. Supp. 2d at 90-91 (holding that public access channel was a state actor under *Lebron*); *Horton v. Houston*, 179 F.3d 188, 190 n.3 (5th Cir. 1999) (noting that parties do not dispute that PEG channel was state actor); *Coplin v. Fairfield*, 111 F.3d 1395, 1401-02 (8th Cir. 1997) (assuming that public access television committee was state actor).  Accordingly, Defendants' motion for summary judgment is denied.

**BY THE COURT:**

**/S/WENDY BEETLESTONE, J.**

_____
**WENDY BEETLESTONE, J.**